ROSE *v.* HUNNICUTT.

Opinion delivered November 3, 1924.

1. WILLS—DESTRUCTION—PRESUMPTION.—It will be presumed that a testator destroyed a will which cannot be found after her death, with intention to revoke it, if she retained custody of it or had access to it, but this presumption may be overcome by proof.

2. WILLS—PRESUMPTION OF REVOCATION.—Evidence *held* to overcome the presumption that a testatrix destroyed a will which could not be found after her death.

3. WILLS—FRAUDULENT DESTRUCTION.—Loss or destruction, without the testator's consent or knowledge, of a will deposited in a bank for safe-keeping during the testatrix's lifetime, amounted to a fraudulent destruction thereof, within Crawford & Moses' Dig., § 10545, permitting proof of lost wills.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; affirmed.

*Norfleet & Norfleet* and *E. M. Carl-Lee,* for appellant.

Since circumstantial evidence is admissible to prove a last will, it should be accepted at equal value to establish revocation, especially since nonproduction of the will raises a presumption of a revocation. 35 N. Y. 653. To

overcome the presumption of revocation, the burden was on appellee to show that the will was in existence at the time of the death of the testatrix. 49 N. Y. S. R. 291; 38 L. R. A. 434. See also 40 Hun 387; 38 L. R. A. 433; 87 Ky. 21.

*H. M. Woods* and *J. F. Summers*, for appellee.

Where a will is deposited by a testator with a custodian, and he thereafter has no access to the will, and it becomes lost or destroyed without the consent of said testator, this amounts to a fraud upon the testator; and it is the duty of the court to establish the will where its terms can be known for a certainty. 35 N. Y. 653. See also 139 Ark. 542.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Woodruff County, Northern District, establishing the will of Mary A. Stamps, which could not be found after her death. The will was executed by the testatrix, at her home in Augusta, in October, 1917, in proper form, and witnessed by E. F. Brewer and A. H. Hamilton, in the manner required by law. I. J. Stacy was designated in the will as administrator. The will provided for the payment of the just debts of the testatrix, $200 to the cemetery fund, and $200 to the Methodist Church, and bequeathed the remainder of the estate, both real and personal, to appellee, Charles W. Hunnicutt. The will was placed in an envelope, sealed, and given to A. H. Hamilton, cashier of the Bank of Augusta & Trust Company, with directions to place same in the vault of said bank for safe-keeping.

No testimony was introduced in the case by appellants. They relied upon the testimony introduced by appellee and their cross-examination of the witnesses. A few of the witnesses made conflicting statements, but the conflicts were not so sharp and important as to impair the salient features of their testimony.

The record reflects, in substance, that the will was deposited in the vault of the bank about the time it was executed, where it remained until lost or destroyed without the consent or knowledge of the testatrix. The officers

and employees of the bank, except I. J. Stacy, who died before the trial, testified that the testatrix had no access to the vault, and had never requested any one of them to give the will to her. The testatrix had informed several of her neighbors, in the summer before her death on October 22, 1919, that the will was in the bank for safe-keeping with her other papers, and that she had willed her property to Charles W. Hunnicutt. The testatrix became ill on Saturday before she died on Thursday. On Friday before she became ill she was at Mrs. Dupree's home, and Mrs. Dupree, in answer to a question concerning a conversation between them, testified as follows:

"She said she wanted to come down to the bank, and spoke about Mr. Stacy several times, and said that her will was there and all her papers, and her business seemed to bother her considerably, but I didn't ask her any questions particularly, she would just tell me these things. I never asked her about them, but she always come to me with her trouble."

The beneficiary in the will, appellee, called at the bank for the will, after the death of the testatrix, on several occasions, but the officials were unable to find it. A thorough search was made for it by A. H. Hamilton and I. J. Stacy several times, without avail. A. H. Hamilton and other officers of the bank testified that they were certain that the will was not in the bank. The various parties who had private boxes in the vault testified that they had never seen the will of Mary A. Stamps. There was a fire in the bank in March, 1919, and, after the fire, the papers began to mold, and were taken out of the vault to dry. A. H. Hamilton testified that the only possible way he could account for the loss or destruction of the will was that it was misplaced at the time the papers were taken out of the vault to dry.

Mary A. Stamps had made two wills, which she had destroyed before making this one. Minor Gregory was beneficiary in one of them. The beneficiary in this will was taken into the home of the testatrix and her husband

when five years old, and reared by them. He was as a son to them. The appellants are distant blood relatives.

Crawford & Moses' Digest, relating to the establishment of a lost or destroyed will, is as follows: "No will of any testator shall be allowed to be proved as a lost or destroyed will, unless the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator; nor unless its provisions be clearly and distinctly proved by at least two witnesses, a correct copy or draft being deemed equivalent to one witness."

It will be presumed that a testator destroyed a will executed by him in his lifetime, with the intention of revoking same, if he retained custody thereof, or had access thereto, and if it could not be found after his death. This presumption may be overcome by proof. *Bradway* v. *Thompson,* 139 Ark. 542; *Schultz* v. *Schultz,* 35 N. Y. 653. We think it entirely overcome in this case by proof that the will was placed in the Bank of Augusta & Trust Company, to which the testatrix had no access, and the testimony of the living officials to the effect that she never called for the will, and the acts of I. J. Stacy indicating that he had never given her the will, together with her statements to her friends, down to the day before she became ill, that the will was in the bank.

We do not think the surmises of learned counsel for appellant, that Hamilton never deposited the will in the bank vault, or that the testatrix called for the will on Friday before she became ill, is warranted by the evidence. Hamilton testified positively that he placed the will in the bank vault for safe-keeping, and never saw it after that time. The testimony and acts of the bank officials refuted the mere supposition that the testatrix went to the bank on Friday before she became ill and obtained and destroyed the will.

We think the only reasonable conclusion from the testimony accounting for the will is that it was lost when the papers were taken out of the vault to dry after the

fire. If, lost or destroyed in the lifetime of the testatrix, without her consent or knowledge, it amounted to a fraudulent destruction of the will as to her. *Schultz* v. *Schultz,* 35 N. Y. 653.

No error appearing, the decree is affirmed.