Nancy Moss WHARTON v.
Clementine MOSS, Executrix

CA 79-162                                594 S.W. 2d 856

Opinion delivered November 7, 1979
Rehearing denied December 12, 1979
Review denied January 7, 1980
Released for publication March 17, 1980

*Spitzberg, Mitchell & Gill*, by: *John P. Gill* and *James E. McClain, Jr.*, for appellant.

*Hurst Law Firm*, by: *Q. Byrum Hurst, Jr.*, for appellee.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

The question in this case is whether there is sufficient evidence to rebut the presumption that a will in the possession of or accessible to the testator was revoked by the testator if the will cannot be produced at his death.

Lee Moss died in March 1977. His survivors include his widow, Clementine Moss, the defendant and appellee, and a daughter, Nancy Moss Wharton, the plaintiff and appellant. The widow seeks to establish that an unexecuted copy dated January 10, 1949, located in the office of decedent's attorney is proof the will was executed and not subsequently revoked. The daughter denies the unexecuted copy is the actual will and protests establishing it as a lost will. The probate judge ruled the document to be the decedent's will. The daughter appeals.

Ark. Stat. Ann. § 60-304 (1971) provides:

No will of any testator shall be allowed to be proved as a lost or destroyed will, unless the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator; nor unless its provisions be clearly and distinctly proved by at least two (2) witnesses, a correct copy or draft being deemed equivalent to one (1) witness.

In *Rose* v. *Hunnicutt*, 166 Ark. 134, 265 S.W. 651 (1924) the court held that non-production of a will raises a presumption of revocation. The court expressed the state of the law as follows:

It will be presumed that a testator destroyed a will executed by him in his lifetime, with the intention of revoking same, if he retained custody thereof, or had access thereto, and if it could not be found after his death. *Rose*, supra.

The presumption a will is revoked is two-pronged. The first hurdle for the proponent of a lost will to scale is the actual execution of the will. The widow has presented proof of the actual execution in the testimony of two disinterested parties who witnessed the execution of the will; Q. Byrum Hurst Sr., the decedent's attorney who drew up the will and testimony of L. W. Ray who witnessed the execution of the will. We find this evidence sufficient to prove its execution. The daughter offered evidence the will copy was typed on a different typewriter from the one used by testator's attorney during the time period the will was allegedly drawn. In studying the record, however, we hold the widow's proof to be preponderant.

However, the second test for the proponent of a lost will to meet, by a preponderance of the evidence, is the will was not in fact revoked by the testator. The widow relies upon *Garrett* v. *Butler*, 229 Ark. 653, 317 S.W. 2d 283 (1958). There the court held the burden was on appellee to overcome presumption of revocation by a preponderance only. The facts in the *Garrett* case are distinguishable from this one. In the *Garrett* case there was evidence the will had been seen to be in existence in possession of the testator not long before death. Also in *Garrett* there was evidence a number of people had access to the testator's personal effects, which evidence was persuasive the will was fraudulently destroyed after death and not by the testator. In this case there is no evidence offered to suggest fraudulent destruction, nor did anyone actually see the will in the testator's possession. The widow made inferences about her son-in-law Joe Wharton, but no direct evidence was offered. It is just as logical to infer Lee Moss revoked his will as it is the son-in-law crept into the office while Mr. Moss was in Houston and destroyed it.

The record reflects no evidence the will might have been misplaced or destroyed by accident. There was ample evi-

726

dence Lee Moss, though visually impaired, was successful in business and was known to be meticulous in keeping his records.

We hold the evidence sufficient to prove the will was executed by Lee Moss, but the evidence insufficient to overcome the presumption Lee Moss had revoked the will.

Reversed.

Hays, J. not participating.