730 S.W.2d 237 (1987)
293 Ark. 373
Ruth BAERLOCKER and Bernadine Dean, Appellants,
v.
Sam HIGHSMITH, Executor of the Estate of Luella M. Turner, & the Estate of Luella M. Turner, Appellees.
No. 86-298.
Supreme Court of Arkansas.
June 8, 1987.
*238 David M. Clark, Batesville, for appellants.
Highsmith, Gregg, Hart, Farris & Rutledge, by John C. Gregg, Batesville, for appellees.
HOLT, Chief Justice.
Luella Turner's will divided her estate equally between the Arkansas Chapter of the American Cancer Society and Ouachita Baptist University. Appellants Ruth Baerlocker and Bernadine Dean, Mrs. Turner's sisters, contested the will in probate court, alleging Mrs. Turner was incompetent to execute a will and that she was under the undue influence of persons unknown. After the appellants presented their proof, the probate judge ruled in favor of appellee Sam Highsmith, executor of Mrs. Turner's estate. We agree that the appellants failed to meet their burden of proof and affirm.
Mrs. Turner executed her will at Highsmith's office on April 18, 1978. Highsmith, whom Mrs. Turner knew through her friendship with his mother, drafted her will which nominated him as executor. Mrs. Turner died on January 15, 1986, leaving four sisters and one brother as survivors.
The appellants contested the will on the basis that Mrs. Turner was not competent to execute a will because of the trauma and continuing grief caused by the death of her husband, who died of cancer in October of 1977. They also contended that Mrs. Turner had a strong personal objection to giving money to institutions and would not have executed a will leaving her estate to the cancer society and to the university absent the undue influence of persons unknown.
Probate and chancery cases are tried de novo on appeal. This court does not reverse unless the findings of the probate judge are clearly erroneous, giving due deference to the superior position of the judge to determine the credibility of the witnesses and the weight to be accorded their testimony. Reddoch v. Blair, 285 Ark. 446, 688 S.W.2d 286 (1985). The party contesting the validity of a will has the burden of proving by a preponderance of the evidence that the testator lacked mental capacity or was unduly influenced at the time the will was executed. Rose v. Dunn, 284 Ark. 42, 679 S.W.2d 180 (1984). "If the maker of a deed, will, or other instrument has sufficient mental capacity to retain in his memory, without promptings, the extent and condition of his property, and to comprehend how he is disposing of it, and to whom, and upon what consideration, then he possesses sufficient mental capacity to execute such instrument." Id. Influence by a person over the maker of a will "becomes `undue,' so as to invalidate the will, only when it is extended to such a degree as to override the discretion and destroy the free agency of the testator." Edwards v. Vaught, 284 Ark. 262, 681 S.W.2d 322 (1984).
The appellants offered very little evidence in support of their allegations. John Davies, who drove Mrs. Turner to Highsmith's office to execute the will, testified that she was still grieving over the death of her husband. He also said she was just like any other widow who had lost her husband. Appellant Baerlocker, who lived in California and had not seen her sister in 27 years, testified that Mrs. Turner spoke of her husband often in her letters. Baerlocker also said that she did not notice any change in Mrs. Turner in their correspondence after the death of Mrs. Turner's husband.
Highsmith testified that Mrs. Turner did not specifically discuss with him how much money she had, nor did she tell him she had a box with $31,000 in cash hidden in her home. Highsmith said, however, that Mrs. Turner was emphatic about leaving her estate as specified. She told him she wanted the cancer society to get half because her husband had died of cancer, and wanted the university to get half because she had some affiliation with the Baptist church and wanted to help young people with their education. Mrs. Turner also told him she *239 had a brother and sisters, but that she did not want to leave them anything. Highsmith stated that he did not notice any change in Mrs. Turner after her husband's death. In going through Mrs. Turner's home after her death, Highsmith said he found business records dating back to the 1960's, recent bills she had paid and the cancelled checks that went with them, tax returns for the previous six or seven years, a list of her certificates of deposit, bank statements and other records. Highsmith said this indicated to him that she was a meticulous person.
The only other proof regarding Mrs. Turner's competence was a neighbor's testimony that she became eccentric after her husband died. The fact that a testator is peculiar or eccentric does not establish the lack of capacity to make a will. See Harwell v. Garrett, 239 Ark. 551, 393 S.W.2d 256 (1965).
The appellants produced no evidence to show that Mrs. Turner was unduly influenced in the making of her will, other than testimony that she did not believe in giving to institutions, that she did not like children, and that she had no contact with the cancer society or the university.
The evidence clearly failed to prove that Mrs. Turner lacked the capacity to make a will or was unduly influenced in any manner.
Affirmed.