Bobby William THOMAS *v.* Ardle THOMAS, Executor

CA 89-371                                    784 S.W.2d 173

Court of Appeals of Arkansas
Division II
Opinion delivered February 21, 1990

---

*Kincaid, Horne, Trumbo & Hogue*, by: *Curtis E. Hogue*, for appellant.

*Boyce R. Davis Associates*, by: *Boyce R. Davis*, for appellee.

JUDITH ROGERS, Judge. This appeal is from an order of the Washington County Probate Court admitting a lost will of Mrs. Sidra Thomas to probate. On February 26, 1988, Mrs. Thomas died and was survived by her husband, appellee, and her son, Bobby Thomas, appellant herein. In November 1988, appellee filed a petition seeking to have a copy of a will that had been

executed by Mrs. Thomas in 1986 probated and to be appointed as her executor. Mrs. Thomas' 1986 will provided that, upon her death, all her property was to pass to appellee, unless appellee had predeceased her, in which event her property was to pass to her son, appellant. Appellant objected to the copy of the 1986 will being probated and contended Mrs. Thomas died intestate. By an order dated June 5, 1989, the probate judge found the unsigned and undated will, sworn by attesting witnesses to have been executed May 1, 1986, should be admitted to probate as the lost will of Mrs. Thomas.

The single issue presented here is whether the probate judge erred in finding that appellee presented sufficient evidence to rebut the presumption that a will was revoked by the testator if the will was accessible to the testator and cannot be found after the testator's death. We hold the probate judge's finding that the evidence was sufficient to overcome this presumption is not clearly erroneous and affirm.

Arkansas Code Annotated Section 28-40-302 (1987) provides:

> No will of any testator shall be allowed to be proved as a lost or destroyed will, unless the provisions are clearly and distinctly proved by at least two (2) witnesses, a correct copy or draft being deemed equivalent to one (1) witness, and:
>
> (1) The will is proved to have been in existence at the time of the death of the testator; or
>
> (2) The will is shown to have been fraudulently destroyed in the lifetime of the testator.

There is a presumption that a testator destroyed a will executed by him during his lifetime, with the intention of revoking the same, if the testator retained custody of the will or had access to it, and the will cannot be found after the testator's death. *Wharton* v. *Moss*, 267 Ark. 723, 725, 594 S.W.2d 856, 857 (Ark. App. 1979). *See also Rose* v. *Hunnicutt*, 166 Ark. 134, 137, 265 S.W. 651, 652 (1924). The presumption a will is revoked is two-pronged, and in order to overcome this presumption, the proponent must first prove the execution of the lost will by the testator and then prove the will was not revoked by the testator.

*Wharton,* 267 Ark. at 725, 594 S.W.2d at 857.

■ It is undisputed that Mrs. Thomas executed the 1986 will prior to her death; however, appellant asserts the evidence is insufficient to find the will was in existence at the time of Mrs. Thomas' death. The burden was upon appellee to prove by a preponderance of the evidence that she did not revoke it during her lifetime. *Garrett* v. *Butler,* 229 Ark. 653, 657-58, 317 S.W.2d 283, 285 (1958).

Appellee testified that he and his wife went to their lawyer's office in 1986 to make out their wills and that, after they signed these wills, they took the originals home with them and placed them in a pasteboard box in his wife's bedroom, where they kept other documents. He testified that he never saw his wife's will again or looked for it until his son, appellant, asked to see it sometime after his wife's death and that, when they went to look for it, it was gone. Appellee testified that he was certain his wife had not revoked her will because, during their fifty-four years of marriage, he and his wife had worked together one hundred percent, they had discussed everything, and that she would not have done anything, including destroying her will, without first discussing it with him.

In *Garrett* v. *Butler, supra,* the appellant sought to have the probate judge's decision, admitting a lost will to probate, reversed, contending the appellee had not overcome the presumption that the lost will had been revoked. The supreme court responded:

> After careful consideration of the weight to be given to the facts and circumstances in this case as set forth above, we cannot say the trial court's finding is against the weight of the evidence. The proof is clear that Rev. Garrett made the will in question, and that he had good reasons for making appellee his chief beneficiary; that nothing occurred to change or alter those reasons; that he indicated to disinterested witness shortly before his death he expected appellee to have some control over his affairs after his death and; that there is a total absence of any testimony he tried or wanted to make any change in or revoke his will. There are also in the record other circumstances which the trial court had a right to consider. During Rev. Garrett's

last illness many people had the opportunity to handle and destroy or misplace the will. One of these was the appellant, George Garrett, who was an interested party and who failed to testify.

*Garrett*, 229 Ark. at 657, 317 S.W.2d at 285.

Facts similar to those in *Garrett* exist in the case at bar. In trying to explain how his wife's will might have disappeared, appellee stated that, after his wife's death, his niece and appellant's wife came and cleaned his house without his permission and he did not know everything that went on. He stated the house was in perfect order at his wife's death "but after she passed away, I don't know what they went to carrying the stuff off." He testified that appellant and his wife lived across the street from him and had a key to his house and they would come in and out of the house all the time. He also testified that, since his wife's death, he has discovered some Indianhead pennies, silver dollars, $2.00 bills, and pocketknives, which she had been keeping, are missing. As in *Garrett, supra*, appellant here is an interested party, had the opportunity to destroy Mrs. Thomas' will, and failed to testify.

It was not necessary for the trial judge to determine what became of Mrs. Thomas' will; it was enough that he found that it was not revoked or cancelled by her. *Garrett*, 229 Ark. at 657, 317 S.W.2d at 285; *Bradway* v. *Thompson*, 139 Ark. 542, 561, 214 S.W. 27, 33 (1919). At the conclusion of trial, the probate judge stated that he believed appellee was attempting to be "just as honest as the day is long," and that he was convinced that, had Mrs. Thomas destroyed her will, she would have told the appellee about it. The judge also stated that he found appellee's testimony, that it was not unusual for the will to be missing because some other items were missing, to be true because there was no evidence to rebut appellee's testimony and because he found the appellee to be an honest man.

Probate cases are tried *de novo* on appeal, and this court does not reverse the findings of the probate judge unless they are clearly erroneous, giving due deference to his superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. *Baerlocker* v. *Highsmith*, 292 Ark. 373, 374-75, 730 S.W.2d 237, 238 (1987).

Based upon the evidence, we find that the probate judge's conclusion that appellee overcame the presumption that Mrs. Thomas revoked her will by a preponderance of the evidence is not clearly erroneous.

Affirmed.

MAYFIELD and JENNINGS, JJ., agree.