Mollie CONNER *v.* Ona Lee DONAHOO

CA 03-433                                                     145 S.W.3d 395

Court of Appeals of Arkansas
Division III
Opinion delivered February 4, 2004

*C. Wayne Dowd*, for appellant.

*Keil & Goodson*, by: *Matt Keil*, for appellee.

KAREN R. BAKER, Judge. Appellant, Mollie Conner, appeals from a judgment in the Miller County Circuit Court, Probate Division, finding that the testatrix's will was invalid. She argues on appeal that the trial court erred in finding that the testatrix's will was invalid due to noncompliance with Ark. Code Ann. § 28-25-103(c) and asserts that Mr. Louis Conner was in the presence of the testatrix when he subscribed his name to the will as an attesting witness. We reverse and remand.

On March 3, 1999, the decedent, Sibyl L. Brenneman, executed her third will. On that day, the legal assistant for her attorney and the notary public, two witnesses, Louis "Jack"

Conner and Leona M. Marsden, and the testatrix's sister, Mollie Conner, all assembled in the testatrix's bedroom for execution of the documents. The will was read and explained to the testatrix. She reviewed it herself, executed it, and initialed each page while sitting in her bed in the presence of both witnesses and the notary public. One witness, Leona Marsden, signed the will on the testatrix's bed. The other witness, Louis Conner, requested to sit down while signing the document. The notary public, both attesting witnesses, and Mollie Conner proceeded to an adjacent room that was connected by an open doorway where Louis Conner sat at a table and subscribed his name to the testatrix's will. The notary public performed her duties and executed a self-proving will. Both witnesses signed an attestation clause and a self-proving affidavit that was notarized by the notary public.

Sibyl Brenneman died on August 12, 1999. On September 17, 1999, Mollie Conner, one of two surviving siblings of the testatrix, filed a document dated March 3, 1999, purporting to be the Last Will and Testament of Sibyl L. Brenneman. An order admitting the will to probate and appointing Mollie Conner as executrix was entered on October 5, 1999. On January 25, 2000, Ona Lee Donahoo, a niece of the testatrix, filed a petition contesting the will of the decedent, alleging that Sibyl Brenneman was not mentally competent and was under undue influence at the time the instrument was executed. On August 21, 2001, Ms. Donahoo filed an amended contest of will, alleging in addition that the will was not executed according to Arkansas law and was therefore not a valid will.

After a trial, the court entered a judgment finding that the testatrix was mentally competent and possessed testamentary capacity at the time the will was executed and that evidence did not support the conclusion that the testatrix was under undue influence at the time of execution. However, the trial court found that the will was invalid because it was not signed by one of the witnesses in the presence of the testator, and therefore, not attested in accordance with the law. From this ruling, comes this appeal.[1]

▆▆▆▆ Our standard of review in such cases is as follows:

> On appeal, "[p]robate cases are reviewed de novo ... [and] we will not reverse the probate judge's findings of fact unless they are clearly

---

[1] We sought certification of this appeal to the Arkansas Supreme Court, but certification was denied.

erroneous.... A finding is clearly erroneous when, although there is evidence to support it, we are left on the entire evidence with the firm conviction that a mistake has been committed." *Snowden v. Riggins*, 70 Ark. App. 1, 7-8, 13 S.W.3d 598, 602 (2000) (citations omitted); see also Ark. R. Civ. P. 52(a). Due deference will be given to the superior position of the probate judge to determine the credibility of the witnesses and the weight to be accorded their testimony. *Wells v. Estate of Wells*, 325 Ark. 16, 922 S.W.2d 715 (1996). Furthermore, "[w]hile we will not overturn the probate judge's factual determinations unless they are clearly erroneous, we are free in a *de novo* review to reach a different result required by the law." *Standridge v. Standridge*, 304 Ark. 364, 370, 803 S.W.2d 496, 499 (1991).

*Remington v. Roberson*, 81 Ark. App. 36, 39, 98 S.W.3d 44, 46 (2003). Similarly, we review issues of statutory construction *de novo*, as it is for this court to decide what a statute means. *Burch v. Griffe*, 342 Ark. 559, 29 S.W.3d 722 (2000) (citing *Stephens v. Arkansas Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000); *Shaw v. Shaw*, 337 Ark. 530, 989 S.W.2d 919 (1999)). We are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

The issue in this case is the definition and meaning of the language "in the presence of the testator." Arkansas Code Annotated section 28-25-103(c) states, "The attesting witnesses must sign at the request and in the presence of the testator." *Black's Law Dictionary*, Sixth Edition, 1990 at page 1183, defines the phrase "in the presence of the testator" as "the will is attested in the presence of the testator if the witnesses are within range of any of testator's senses."

■ Here, after witnessing the testatrix executing her will in the bedroom of her home in the presence of both witnesses, Leona Marsden subscribed her name to the will on the bed. Louis Conner, on the other hand, requested to sit down while signing and thus subscribed his name to the will in an adjacent room, while the testatrix remained in her bedroom. We hold that under these facts, Mr. Conner was within the range of the testator's senses while in the adjacent room. Thus, Mr. Conner was "in the presence of the testator" at the time he subscribed his name to the testatrix's will. Accordingly, we reverse and remand.

ROBBINS and ROAF, JJ., agree.