ESTATE OF Randall Glen CARPENTER, Deceased *v.*
Nita CARPENTER

CA 05-403                                        220 S.W.3d 263

Court of Appeals of Arkansas
Opinion delivered December 14, 2005

*Harrelson, Moore & Giles L.L.P.*, by: *Steve Harrelson*, for appellant.

*Chuck Gibson*, for appellee.

DAVID M. GLOVER, Judge. Randall and Nita Carpenter were divorced in April 2002. In the decree of divorce, Randall was ordered to pay Nita temporary alimony in the amount of $500 per week for a period of five years. Randall died on December 19, 2004. Nita filed an affidavit of claim against Randall's estate, contending that Randall became delinquent in his payment of alimony as of October 23, 2003, and that his estate was liable not only for the alimony arrearage but also for the alimony remaining to be paid for the five-year period for which the trial judge had awarded alimony. After a hearing on Nita's claim, the trial judge found that her claim was valid, and he entered a judgment in her favor for $89,449.75 in alimony and $8,944.74 in attorney's fees, for a total of $98,394.50, which was ordered to be paid from estate assets. The estate filed a timely notice of appeal from this judgment, and it now argues to this court that the trial court erred in granting this claim

because alimony terminates by law upon the death of the obligor. We hold that the alimony obligation terminated upon Randall's death, but that the estate is liable for the alimony arrearage that existed at the time of Randall's death.

Probate cases are reviewed *de novo*, and the trial judge's findings of fact will not be reversed unless they are clearly erroneous; however, the appellate court is free in a *de novo* review to reach a different result required by the law. *Conner v. Donahoo*, 85 Ark. App. 43, 145 S.W.3d 395 (2004). The appellate court reviews issues of statutory construction *de novo*, as it is for the appellate court to determine what a statute means. *Id.*

Arkansas Code Annotated section 9-12-312(b) (Repl. 2002) is the applicable statutory provision in this case. That statute provides:

> In addition to any other remedies available, alimony may be awarded under proper circumstances to either party in fixed installments for a specified period of time subject to the contingencies of the.death of either party, the remarriage of the receiving party, or such other contingencies as are set forth in the award, so that the payments qualify as periodic payments within the meaning of the Internal Revenue Code.

■ We hold that the plain language of the statute resolves the issue in this case — alimony for a certain term is subject to the contingency of the death of either party. The statute specifically provides that the fixed installments of alimony are "subject to the contingencies of the death of either party, the remarriage of the receiving party, or such other contingencies as are set forth in the award." The language clearly means that if either party dies or if the payee spouse remarries, the alimony ends. This is so regardless of whether these specified contingencies are included in the decree. The only contingencies that must be set forth in the decree are ones other than death or remarriage.

The judgment included a sum payable to Nita for the period of time that Randall failed to pay her alimony while he was alive. We hold that this portion of the judgment is a viable claim against the estate, as Randall remained under the court order at the time of his death to pay weekly alimony of $500 but had stopped paying it sometime in October 2003, according to Nita's affidavit. We remand this issue to the trial judge for determination of the sum

Nita is owed with regard to the alimony arrearage that had accrued prior to Randall's death as well as the proper attorney's fee due.

Reversed and remanded.

NEAL and VAUGHT, JJ., agree.