RAYMOND R. ABRAMSON, Judge
Deborah Cunningham appeals the Marion County Circuit Court order appointing Connie Dillard as personal representative of Loy Gene Cunningham's estate. On appeal, Deborah argues that the circuit court misconstrued Arkansas Code Annotated section 28-40-302(2)(A) (Repl. 2012). We affirm.
*216 Deborah is Loy's daughter. Loy died on July 14, 2016, and Connie lived with Loy during the last years of his life. On August 17, 2016, Deborah filed a petition for probate of will and appointment of personal representative. She attached a will executed by Loy in 2006 devising his property to his trust (the 2006 will). The 2006 will named Elizabeth Cunningham[1] as the executor and nominated Deborah as the executor if Elizabeth declined. Deborah attached Elizabeth's declination of appointment as personal representative.
On August 31, 2016, Connie filed a petition to prove a lost will. She alleged that Loy had executed a second will in 2010 (the 2010 will) and that the 2010 will nominated her as the executor of his estate. She further alleged that the 2010 will revoked the 2006 will but that the 2010 will could not be located and that it had been lost or accidentally destroyed by a fire at Loy's residence on October 14, 2012.
The court held a bench trial; however, after the trial, the court discovered that it had a conflict of interest, and the case was reassigned. In lieu of holding a second trial, the parties stipulated to the following facts. In 2006, Loy executed a will devising his property to his trust. In 2010, Loy executed a second will devising his property to Connie. Loy kept the 2010 will in his home; however, on October 14, 2012, an accidental fire destroyed Loy's home and all his possessions, including the 2010 will. After the fire, Loy did not execute a subsequent will, and he died on July 14, 2016. The parties specifically stipulated that "the original 2010 will did not physically exist at the time of death, or if it did, there was no way to know where it was and is presumed lost in the fire at the time of Mr. Cunningham's death."
The parties filed posttrial briefs, and they submitted to the court that the only issue was whether Arkansas Code Annotated section 28-40-302(2)(A) requires the 2010 will to have physically existed at the time of Loy's death.
On June 22, 2018, the circuit court entered an order finding that section 28-40-302(2)(A) does not require the 2010 will to have physically existed at the time of Loy's death. The court noted that "[t]o hold otherwise would mean that a validly executed will that was not revoked by the testator could never be enforced, if it was merely lost or accidentally destroyed during his lifetime." Accordingly, the court admitted the 2010 will to probate and appointed Connie as the personal representative of Loy's estate.
Deborah timely appealed the circuit court's order to this court. On appeal, Deborah argues that the circuit court misconstrued section 28-40-302(2)(A). Specifically, she argues that subdivision (2)(A) requires the 2010 will to have physically existed at the time of Loy's death. Connie responds that subdivision (2)(A) requires the 2010 will to have only legally existed, rather than physically existed, at the time of Loy's death.
Although we review probate proceedings de novo, we do not reverse the circuit court's findings unless they are clearly erroneous. Burns v. Estate of Cole , 364 Ark. 280, 219 S.W.3d 134 (2005). We review issues of statutory interpretation de novo and are not bound by the circuit court's interpretation of a statute. Id.
Arkansas Code Annotated section 28-40-302, which deals with proving a lost or destroyed will, provides as follows:
*217 No will of any testator shall be allowed to be proved as a lost or destroyed will unless:
(1) The provisions are clearly and distinctly proved by at least two (2) witnesses, a correct copy or draft being deemed equivalent to one (1) witness;[2] and
(2) The will is:
(A) Proved to have been in existence at the time of the death of the testator, or
(B) Shown to have been fraudulently destroyed in the lifetime of the testator.
This court has stated that
[u]nder this statute, the proponent of a lost will must prove two things: first, the will's execution and its contents by strong, cogent, and convincing evidence; second, that the will was still in existence at the time of the testator's death (i.e., had not been revoked by the testator) or was fraudulently destroyed during the testator's lifetime.
Whatley v. Estate of McDougal , 2013 Ark. App. 709, at 3-4, 430 S.W.3d 875, 878 (citing Abdin v. Abdin , 94 Ark. App. 12, 223 S.W.3d 60 (2006) ). Proof of the second statutory element is necessary because the law presumes that an original will that cannot be found after a testator's death has been revoked. Whatley , 2013 Ark. App. 709, 430 S.W.3d 875. It is the failure to produce the original will that gives rise to the presumption; the presumption may be overcome if the proponent of the lost will proves, by a preponderance of the evidence, that the will was not revoked during the testator's lifetime. Id. The burden is on the proponent of the will to prove by a preponderance of the evidence that the decedent did not revoke it during his lifetime. Thomas v. Thomas , 30 Ark. App. 152, 784 S.W.2d 173 (1990). Thus, it is unnecessary for the circuit court to determine what became of the will; it is enough that the court determine that the will was not revoked or canceled by the decedent. Id.
We hold that subdivision (2)(A) does not require the 2010 will to have physically existed at the time of Loy's death to remain in effect. As this court stated in Whatley , subdivision (2)(A)'s requirement that the will is "proved to have been in existence at the time of the death of the testator" means that the will "had not been revoked by the testator." 2013 Ark. App. 709, at 3-4, 430 S.W.3d at 878. Thus, this court has previously held that subdivision (2)(A) means legal existence, not physical existence. This construction promotes the purposes of the lost-or-destroyed-will statute, while avoiding an unfair result that would arise under an impossibly strict interpretation.[3]
Deborah cites Rose v. Hunnicutt , 166 Ark. 134, 265 S.W. 651 (1924), and asserts that Connie had to present evidence that Loy was unaware that the fire destroyed the 2010 will. However, that case addresses whether a will was fraudulently destroyed during the testator's lifetime. In this case, the issue is whether subdivision (2)(A) requires the will to have physically *218 existed at the time of the testator's death. Because this court has held that subdivision (2)(A) requires that the will only legally exists at the time of the testator's death, we hold that the circuit court did not misconstrue the statute, and we affirm.
Affirmed.
Klappenbach and Brown, JJ., agree.

Elizabeth was Loy's wife at the time of his death. However, Loy and Elizabeth had been legally separated since 2009.

Deborah stipulated that Connie could satisfy the requirements of subsection 302(1). Specifically, Connie offered a copy of the 2010 will. Thus, the execution and the contents of the will are not at issue on appeal.

Other jurisdictions with statutes similar to Arkansas Code Annotated section 28-40-302 have construed the term "existence" in their statutes to mean legal existence, not physical existence. See, e.g. , Estate of Irvine v. Doyle , 101 Nev. 698, 710 P.2d 1366 (1985) ; In re Wheadon's Estate , 579 P.2d 930 (Utah 1978) ; In re Enz's Estate , 33 Colo.App. 24, 515 P.2d 1133 (1973) (citing In re Eder's Estate , 94 Colo. 173, 29 P.2d 631 (1934) ).